IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FABERGÉ LTD and<br>FABERGÉ SERVICES LIMITED,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>VLADISLAV YUSUFOV d/b/a FABERGE,<br>DIANA YUSUFOVA d/b/a FABERGE,<br>and GOOD VISION TASTE, INC.<br><br><br>        *Defendants*. | Civil Action No.: 14-CV-3519<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Fabergé LTD and Fabergé Services Limited (collectively, "Plaintiffs") allege as follows, with knowledge as to its own actions and upon information and belief as to the activities of others:

## JURISDICTION AND VENUE

1. This action arises under the federal Copyright Act, 17 U.S.C. § 101 *et seq.*, Trademark Act, 15 U.S.C. § 1051 *et seq.*, and related state statutes and the common law. This Court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1367(a).

2. Defendants are located within the Eastern District of New York, transact business within the Eastern District of New York, and committed the acts complained of herein within the Eastern District of New York, and are therefore subject to the personal jurisdiction of this Court.

3. Venue is proper in this judicial district.

**PARTIES**

4. Plaintiff Fabergé LTD is a limited liability company organized under the laws of the Cayman Islands with a principal place of business at c/o Appleby Trust (Cayman) Ltd., PO Box 1350, Clifton House, 75 Fort Street, Grand Cayman KY1-1108, Cayman Islands.

5. Plaintiff Fabergé Services Limited is a limited liability company organized under the laws of the United Kingdom with a principal place of business at 54 Jermyn Street, London SW1Y 6LX, United Kingdom.

6. Defendant Diana Yusufova is an individual who owns a restaurant, lounge and event space called "Faberge" located at 2007-2011 Emmons Ave., Brooklyn, New York 11235. Ms. Yusufova resides at 777 Foster Avenue, Apt. 2F, Brooklyn, New York, 11230.

7. Defendant Vladislav Yusufov is an individual who owns a restaurant, lounge and event space called "Faberge" located at 2007-2011 Emmons Ave., Brooklyn, New York 11235. Mr. Yusufov resides at 777 Foster Avenue, Apt. 2F, Brooklyn, New York, 11230.

8. Defendant Good Vision Taste, Inc. is a New York corporation that is owned by Mr. Yusufov and Ms. Yusufova, and is associated with the restaurant, lounge and event space called "Faberge" located at 2007-2011 Emmons Ave., Brooklyn, New York 11235. Ms. Yusufova is listed as the Department of State contact for service of process.

9. Ms. Yusufova, Mr. Yusufov and Good Vision Taste, Inc. are collectively referred to herein as "Defendants."

10. At all relevant times, Defendants have been, and are presently, doing regular business in the State of New York, and in this judicial district.

**PLAINTIFFS' BUSINESS AND TRADEMARKS**

11. The history behind Plaintiffs' FABERGÉ brand dates back to the famous jewelry company founded in 1842 in St. Petersburg, Russia, by Gustav Fabergé. The name Fabergé was etched into world history in 1885, when Peter Carl Fabergé crafted the first of the famous Fabergé eggs for the Russian Tsar Alexander III.

12. In addition to the intricately designed eggs, The House of Fabergé was also known for a full range of jewelry and other ornamental objects, including gold and silver boxes, desk sets and timepieces. Quality was a Fabergé hallmark. Indeed, the British Royal Collection—itself in possession of numerous Fabergé pieces—refers to Fabergé as "the greatest Russian jeweler and goldsmith of the late 19th and early 20th centuries." See http://www.royalcollection.org.uk/collection/decorative-arts/faberge.

13. The fame, beauty and mystique surrounding Fabergé products continue to this day. A recently rediscovered historical Fabergé egg was recently valued at $33 million dollars.

14. Plaintiffs are the owners of the world-renowned FABERGÉ brand and its associated trademarks, which are used in connection with a wide variety of luxury goods, and also in connection with retail stores located throughout the world, including London, Geneva, Kiev, and New York.

15. Plaintiffs' New York City based FABERGÉ retail store is located and doing business at 694 Madison Avenue, New York, New York 10065. This location opened in May 2012 and sells a variety of high-end jewelry, time pieces and related items.

16. Plaintiffs also sponsors events, such as The Fabergé Big Egg Hunt in New York City, which is the world's biggest egg hunt, with over 260 egg sculptures individually created by

leading artists and designers. The sculptures were placed across the five boroughs of New York City in April 2014.

17. As a result of the aforementioned activities, and its continuous use of their trademark, Plaintiffs have built up substantial goodwill in their FABERGÉ mark, which is famous for Plaintiffs' superior goods and services.

18. In addition to its common law rights in the FABERGÉ Mark, Plaintiffs own several U.S. Trademark Registrations for FABERGÉ , including U.S. Trademark Registration Nos. 2,036,068 and 2,540,770. Plaintiffs' common law rights and federal registrations in the FABERGÉ mark are collectively referred to as the "FABERGÉ Mark."

19. Plaintiffs' use and registration of the FABERGÉ Mark significantly predates any possible use of the "Faberge" name by Defendants, and therefore Plaintiffs' FABERGÉ Mark has priority over Defendants' use of the "Faberge" name.

20. Pursuant to 15 U.S.C. § 1115, Plaintiffs' registrations are evidence of the validity of their FABERGÉ Mark, of Plaintiffs' ownership of the FABERGÉ Mark, and of Plaintiffs' exclusive right to use the FABERGÉ Mark throughout the United States.

21. Plaintiffs have spent, and continue to spend, significant amounts of effort and expense promoting their FABERGÉ goods and retail stores, ensuring the highest quality goods and consumer experience. Due to this significant expenditure of effort and expense, the goods and services offered under the FABERGÉ Mark are recognized by the general consuming public as being extremely high-quality.

22. Plaintiffs, their FABERGÉ Mark, and their retail stores have been featured in national newspapers, magazines, and television shows throughout the United States including, without limitation, Forbes Magazine, ABC News, and Luxury Society.

23.     Accordingly, the general consuming public in the United States recognizes the FABERGÉ Mark as exclusively associated with quality services emanating solely from Plaintiffs.

24.     The FABERGÉ Mark is famous, inherently distinctive and/or has acquired distinctiveness, represents valuable goodwill, has gained a reputation for quality belonging exclusively to Plaintiffs, and is widely recognized by the general consuming public of the United States as a designation of source for Plaintiffs' goods and services.

## PLAINTIFFS' COPYRIGHT

25.     Plaintiffs own the copyright for the distinctive storefront for the London and Kiev retail stores, generally consisting of a repeating pattern of diamonds outlined in gold and filled in purple (the "FABERGÉ Storefront Design").

26.     The FABERGÉ Storefront Design was featured in numerous magazines and has received widespread acclaim and publicity.

27.     A comparison between Plaintiffs' FABERGÉ Storefront Design from its London location (on the left) and Defendants' Brooklyn location (on the right) is below:



28.     It is clear from the images above that the FABERGÉ Storefront Design is identical and/or substantially similar to the design used on Defendants' establishment.

**DEFENDANTS' ACTIVITIES**

29.     On information and belief, Defendants operate a restaurant, lounge and event space under the name "Faberge" at 2007-2011 Emmons Avenue, Brooklyn, New York, 11235 (henceforth, "Faberge Restaurant").

30.     Defendants also use the name "Faberge Emmons" to refer to the restaurant, as can be seen by the website for the restaurant, which is located at: <www.fabergeemmons.com>. Screenshots of the website appearing at this domain name are attached as Exhibit A.

31.     Mr. Yusufov is listed as the owner of the domain name <www.fabergeemmons.com>.

32.     In or around Fall 2013, Defendants opened the Faberge Restaurant.

33.     Defendants were, and are, undoubtedly well aware of, and familiar with, Plaintiffs' FABERGÉ branded goods and services, as well as the FABERGÉ Mark and FABERGÉ Storefront Design.

34.     In an effort to impart a luxurious and high-end atmosphere for their restaurant, Defendants shamelessly appropriated both the FABERGÉ Mark and the FABERGÉ Storefront Design, willfully and intentionally trading off of the goodwill associated with Plaintiffs.

35.     Defendants' use of a mark identical in every respect to Plaintiffs' FABERGÉ Mark makes it highly likely, if not inevitable, that consumers and members of the general public will be confused into assuming, incorrectly, that the Faberge Restaurant is owned by Plaintiffs or that there is an affiliation between the parties, or that Plaintiffs have sponsored, endorsed, or approved of the Faberge Restaurant.

36.     As shown in Paragraph 27 above, the Faberge Restaurant's storefront is substantially identical to Plaintiff's FABERGÉ Storefront Design.  Defendants willfully and

intentionally designed their location to copy and trade off of the FABERGÉ Mark and the FABERGÉ Storefront Design.

37. Defendants' use of Plaintiffs' FABERGÉ Mark and FABERGÉ Storefront Design for the Faberge Restaurant will confuse consumers and members of the general public.

38. Moreover, Defendants have menu items that directly and obviously allude to the famous historical legacy of Plaintiffs, confirming that Defendants are willfully and intentionally trading off of the FABERGÉ Mark.

39. Defendants' use of the names "Faberge" and "Faberge Emmons" for their restaurant is an effort to free-ride on the enormous goodwill established by Plaintiffs' well-known and famous FABERGÉ branded goods and services, and will confuse consumers and members of the general public.

40. Defendants' infringing use of the FABERGÉ Mark is not limited to the exterior of the Faberge Restaurant, but is also on all of its advertising and collateral materials including, for example, check presenters, menus and promotional items.

41. Moreover, it appears that actual confusion is already occurring, as websites promoting Plaintiffs' events and news associated with Plaintiffs are also featuring advertisements for events held by Defendants. Even if this is not evidence of actual confusion, the direct proximity between promotions for both parties' events all but guarantees confusion. See Exhibit B.

42. It is also clear from the striking and substantial similarity between the FABERGÉ Storefront Design and the façade of the Faberge Restaurant that Defendants had seen the FABERGÉ Storefront Design, and then intentionally copied it in designing the Faberge Restaurant.

43. Defendants, by their acts complained of herein, have infringed the FABERGÉ Mark and the copyright in the FABERGE Storefront Design, diluted the unique commercial impression of the FABERGÉ Mark, unfairly competed with Plaintiffs in the marketplace, and otherwise improperly used the reputation and goodwill of Plaintiffs to promote the Faberge Restaurant, which is not connected with, or authorized, approved, licensed, produced or sponsored by, Plaintiffs.

44. The aforesaid acts of Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## CLAIMS FOR RELIEF

### CLAIM I
### INFRINGEMENT OF A REGISTERED TRADEMARK (FEDERAL)

45. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 44 as if set forth herein.

46. Defendants' unlawful and improper actions, as set forth above, are likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association or sponsorship of Defendants' goods and/or services and falsely mislead consumers into believing that Defendants' Faberge Restaurant is owned by, affiliated or connected with, or approved by, Plaintiffs.

47. Defendants' use of the FABERGÉ Mark constitutes infringement of Plaintiffs' registered trademarks, in violation of the Lanham Act, 15 U.S.C. § 1114.

48. Defendants' acts of infringement have caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at trial.

49. Defendants have engaged in these activities willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

50. Defendants' acts of infringement, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

## CLAIM II
## COPYRIGHT INFRINGEMENT (FEDERAL)

51. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 50 as if set forth herein.

52. Defendants' use of the FABERGÉ Storefront Design constitutes copyright infringement of Plaintiffs' copyright in the FABERGÉ Storefront Design in violation of the U.S. Copyright Act.

53. Defendants' acts of infringement have caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at trial.

54. Defendants have engaged in these activities willfully.

55. Defendants' acts of infringement, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

## CLAIM III
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (FEDERAL)

56. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 55 as if set forth herein.

57. Defendants' unlawful and improper actions, as set forth above, are likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Defendants' goods and/or services, and to falsely mislead consumers into believing that Defendants' Faberge Restaurant is owned by, affiliated or connected with, or are approved by, Plaintiffs.

9

58. Defendants' activities constitute an infringement of the FABERGÉ Mark and unfair competition in violation of 15 U.S.C. § 1125(a).

59. Defendants' acts of infringement and unfair competition have caused Plaintiffs to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

60. Defendants have engaged in these activities willfully, so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

61. Defendants' acts of infringement and unfair competition, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

## COUNT IV
## TRADEMARK DILUTION (FEDERAL)

62. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 61 as if set forth herein.

63. Plaintiffs' FABERGÉ Mark is famous and distinctive among the general consuming public in the United States, and has been famous since long before Defendants commenced use of "Faberge."

64. Defendants' use of the FABERGÉ Mark for its Faberge Restaurant is likely to dilute the distinctive quality of the famous FABERGÉ Mark in violation of 15 U.S.C. § 1125(c).

65. Defendants' acts of dilution have caused Plaintiffs to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

66. Defendants' acts have caused substantial and irreparable damage and injury to Plaintiffs and in particular to its valuable goodwill in, and the distinctive quality of its famous FABERGÉ Mark. Unless these acts are enjoined by this Court, they will continue to cause

substantial and irreparable damage and injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

67. Defendant has engaged in these activities willfully, so as to justify the assessment of damages, including treble damages, under 15 U.S.C. § 1117.

68. The acts of Defendant described above are unlawful and constitute violations of the federal anti-dilution statute, 15 U.S.C. § 1125(c).

## COUNT V
## CYBERSQUATTING UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (FEDERAL)

69. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 68 as if set forth herein.

70. The [www.fabergeemmons.com](www.fabergeemmons.com) domain name is confusingly similar to Plaintiffs' FABERGÉ Mark, which was distinctive at the time Defendants registered the domain name.

71. By registering the [www.fabergeemmons.com](www.fabergeemmons.com) domain name, Defendants intended to divert customers away from Plaintiffs and to Defendants' website for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of Defendants' website with Plaintiffs in a manner that harms the good will represented by Plaintiffs' FABERGÉ Mark.

72. Defendants have registered and have used the [www.fabergeemmons.com](www.fabergeemmons.com) domain name with a bad-faith intent to profit from Plaintiffs' FABERGÉ Mark.

73. Defendants' unlawful activities constitute cybersquatting in violation of 15 U.S.C. § 1125(d)(1).

74. Defendants' acts of cybersquatting, unless enjoined by this Court, will cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

## COUNT VI
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

75. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 74 as if set forth herein.

76. Defendants' activities complained of herein constitute deceptive acts or practices in the conduct of business, trade, or commerce, or in the furnishing of services, in the State of New York.

77. Plaintiffs have been injured by reason of Defendants' deceptive acts or practices.

78. Defendants' aforesaid violations of New York General Business Law § 349 have caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at trial.

79. Defendants engaged in this activity willfully and knowingly, so as to justify the assessment of increased damages against it, in an amount to be determined at trial.

## COUNT VII
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 360-l

80. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 79 as if set forth herein.

81. Defendants' acts diluted and are likely to continue diluting Plaintiffs' distinctive trademark. Defendants' acts also injured the business reputation of Plaintiffs, in violation of Plaintiffs' rights under New York General Business Law § 360-l.

82. Defendants' violations of New York General Business Law § 360-l have caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at trial.

83. Defendants' violations of New York General Business Law § 360-l, have caused Plaintiffs to sustain irreparable harm, for which Plaintiffs have no adequate remedy at law.

## COUNT VIII
## UNFAIR COMPETITION (COMMON LAW)

84. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 83 as if set forth herein.

85. Defendants' activities complained of herein constitute forms of unfair competition under New York State common law.

86. Defendants' foresaid violations of New York State common law have caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at trial.

87. Defendants fraudulently engaged in this activity willfully and wantonly with morally culpable behavior, so as to justify the assessment of punitive damages against it, in an amount to be determined at trial.

88. Defendants' aforesaid violations of New York State common law, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants:

A. For a preliminary and permanent injunction against Defendants and each of their affiliates, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of the Order, by personal service or otherwise:

1. Restraining and enjoining the use of the FABERGÉ Mark and FABERGE Storefront Design, or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of the FABERGÉ Mark and FABERGE Storefront Design.

2. Restraining and enjoining the use of any mark, term, slogan, tagline or phrase without Plaintiffs' permission which suggests or tends to suggest in any way that Defendants and/or their activities, restaurants, services or products originate from, are affiliated with, or authorized by, Plaintiffs, or that Plaintiffs or their activities, goods, services or products are affiliated in any way with Defendants.

3. Restraining and enjoining Defendants from operating, maintaining or using a website or domain name that incorporates the infringing FABERGÉ Mark on the Internet, including without limitation the <www.fabergeemmons.com> domain name;

4. Restraining and enjoining the use and/or importation in connection with any goods or services, any false or deceptive designation, description or representation, whether by words or symbols, which suggests or implies any relationship with Plaintiffs or gives Defendants an unfair competitive advantage in the marketplace.

5. Restraining and enjoining Defendants from violating the U.S. Copyright Act.

6. Restraining and enjoining Defendants from violating 15 U.S.C. § 1125(c).

7. Restraining and enjoining Defendants from violating New York General Business Law §§ 349 and 360-l.

8. Restraining and enjoining Defendants from engaging in any acts of common law unfair competition which would damage or injure Plaintiffs.

      9.      Restraining and enjoining Defendants from inducing, encouraging, instigating, aiding, abetting, or contributing in any third party usage of the FABERGÉ Mark and FABERGE Storefront Design.

    B.    That in accordance with 15 U.S.C. § 1118, all materials, packaging, labels, tags, pamphlets, brochures, signs, sales literature, stationery, advertisements, billboards, banners, posters, documents and the like in the possession or under the control of the Defendants and their affiliates, and all plates, molds, matrices, negatives, masters and other means of making the same, which might, if used, violate the Order herein granted, be delivered up and destroyed as the Court shall direct.

    C.    That in accordance with 15 U.S.C. § 1116, Defendants file with the Court and serve on counsel for Plaintiffs within thirty (30) days after service on the Defendants of such Order, or within such extended period as this Court may direct, a report in writing and under oath, setting forth in detail the manner and form in which the Defendants have complied with the Order.

    D.    For an award of Defendants' profits or other advantages, Plaintiffs' damages resulting from Defendants' unlawful acts set forth herein, a reasonable royalty for Defendants' unlawful use of the FABERGÉ Mark and FABERGE Storefront Design , and/or any other monetary relief that Plaintiffs are entitled to, in an amount to be proven at the time of trial, together with legal interest from the date of accrual thereof.

    E.    For an award of treble damages, in an amount to be proven at the time of trial, pursuant to 15 U.S.C. § 1117.

    F.    For an award of exemplary and punitive damages and/or increased profits, in an amount to be proven at the time of trial.

G.   For an award of attorneys' fees and disbursements incurred by Plaintiffs in this action.

H.   For an award of costs of this action.

I.   That Plaintiffs be awarded such other and further relief as the Court may deem equitable and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs respectfully demand a trial by jury of any and all issues properly triable to a jury in the above-captioned action.

Respectfully submitted,

Dated:   June 4, 2014

By: _/s/ Michelle Mancino Marsh_
Michelle Mancino Marsh (MM1494)
Michael Kelly (MK6776)
KENYON & KENYON LLP
One Broadway
New York, New York 10004-1007
Telephone  (212) 425-7200
Facsimile   (212) 425-5288
mmarsh@kenyon.com
mkelly@kenyon.com

*Attorneys for Plaintiffs
Fabergé LTD
Fabergé Services Limited*

16