FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUL 3 1 2014 ★
BROOKLYN OFFICE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

FABERGÉ LTD and
FABERGÉ SERVICES LIMITED,

*Plaintiffs,*

v.

VLADISLAV YUSUFOV d/b/a FABERGE,
DIANA YUSUFOVA d/b/a FABERGE,
and GOOD VISION TASTE, INC.

*Defendants.*

Civ. Action No.: 1:14-cv-03519-JG-CLP

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

On consent of Plaintiffs Fabergé Ltd and Fabergé Services Ltd ("Plaintiffs") and Defendants Vladislav Yusufov d/b/a Faberge, Diana Yusufova d/b/a Faberge, and Good Vision Taste, Inc. (collectively, "Defendants"), judgment is hereby entered as follows:

1. Defendants and their partners, officers, agents, servants and employees, successors and assigns, and all others in active concert or participation with any of them, and any new or unknown entity(s) formed or controlled by any of the Defendants (collectively, "Defendants"), shall be and are hereby permanently enjoined and restrained from all of the following:

A. Using FABERGÉ (however spelled, whether ending in –é or –e, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used alone or in combination with any word or words, and whether used in caption, text, orally or otherwise), or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of FABERGÉ: (1) as, or as part of, a trade name, trademark, service mark, corporate name, domain name, business or commercial designation; (2) as, or as part of, the name of any restaurant, catering service or facility

or bar; (3) as, or as part of, any search term or keyword for search engine optimization, or the metadata or source code of a website; or (4) in any other manner suggesting in any way that Defendants and/or their activities, services or products originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Plaintiffs, or that Plaintiffs and/or their activities, services or products are affiliated in any way with Defendants;

B.  Publishing, displaying, copying, or otherwise making use of Plaintiffs' storefront design consisting of a repeating pattern of diamonds outlined in gold and filled in purple (the "FABERGÉ Storefront Design"), as exemplified by the image of Plaintiffs' London, United Kingdom storefront shown below:



or any confusingly similar variation thereof in any manner whatsoever, including but not limited to: (1) as, or as part of, a storefront awning; (2) as, or as part of, a building exterior or interior; or (3) any other manner infringing Plaintiffs' copyright and/or trade dress rights in the FABERGÉ Storefront Design or suggesting in any way that Defendants and/or their activities, services or products originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Plaintiffs, or that Plaintiffs and/or their activities, services or products are affiliated in any way with Defendants;

C.  Using any other mark, term, slogan, tag line, phrase, or trade dress which suggests or tends to suggest in any way that Defendants and/or their activities or services

originate from, are affiliated with, or are sponsored, authorized, licensed, approved or sanctioned by Plaintiffs, or that Plaintiffs or their services or activities are affiliated in any way with Defendants;

    D.    Operating, maintaining, or using a website or domain name that incorporates the FABERGÉ name and/or the FABERGÉ Storefront Design, including without limitation the <www.fabergeemmons.com> domain name or any other domain name or website incorporating the FABERGÉ name and/or the FABERGÉ Storefront Design;

    D.    Using in connection with any goods or services, any false or deceptive designation, description or representation, whether by words or symbols, which suggests or implies any relationship with Plaintiffs, or gives Defendants an unfair competitive advantage in the marketplace, or constitutes false advertising;

    E.    Engaging in any acts of common law trademark infringement, copyright infringement, unfair competition or misappropriation which would damage or injure Plaintiffs;

    F.    Inducing, encouraging, instigating, aiding, abetting, or contributing in any third-party usage of the FABERGÉ name or the FABERGÉ Storefront Design in connection with Defendants' business.

2.    Within thirty (30) days after Defendants sign this Consent Judgment and Permanent Injunction, Defendants shall destroy all materials, packaging materials, labels, tags, menus, pamphlets, brochures, signs, sales literature, stationery, advertisements, contract billboards, banners, posters, and documents and the like in the possession or under the control of Defendants and their affiliates, and all plates, molds, matrices, negatives, masters, and other means for making the same, which might, if used, violate the Order herein granted.

3.    Within thirty (30) days after Defendants sign this Consent Judgment and Permanent Injunction, Defendants shall cancel or abandon any and all United States registrations or applications to register any trademarks, trade names, service marks, telephone listings, or any

other use of the infringing the FABERGÉ name, and/or colorable imitation of the FABERGÉ name.

4. Within thirty (30) days after Defendants sign this Consent Judgment and Permanent Injunction, Defendants shall deactivate the <www.farbergeemmons.com> domain name and any other any other domain name or website incorporating the FABERGÉ name and/or FABERGÉ Storefront Design and shall cause the removal of any internet posting associating the FABERGÉ name and/or the FABERGÉ Storefront Design with Defendants, including without limitation advertisements, social media (*e.g.*, Twitter, Facebook, and LinkedIn), picture/media sharing (*e.g.*, YouTube, Vimeo, and Instagram), and customer evaluation (*e.g.*, Yelp!, Foursquare, and SeamlessWeb).

5. Within ninety (90) days after Defendants sign this Consent Judgment and Permanent Injunction, Defendants shall deliver up to Plaintiffs' counsel photographs of Defendants' storefront sufficient to show that Defendants' storefront no longer bears the name "FABERGE" or incorporates FABERGÉ Storefront Design.

6. Within ninety (90) days after Defendants sign this Consent Judgment and Permanent Injunction, Defendants shall serve on Plaintiffs' counsel a signed declaration in writing, under oath, setting forth in detail the manner and form in which the Defendant has complied with paragraphs two (2) through five (5) of this Consent Judgment and Permanent Injunction.

7. Defendants or their successors or assigns will pay to Plaintiffs the sum of $25,000 ("Payment") payable as follows: $10,000 by August 31, 2014 and $15,000 thereafter payable in three monthly payments of $5,000. Payment shall be made by certified or cashier's check, payable to Kenyon & Kenyon LLP, and delivered by hand to Plaintiffs' counsel at:

Michelle Mancino Marsh, Esq.
KENYON & KENYON LLP
One Broadway
New York, New York 10004-1007

8. Each party shall bear its own costs and attorney's fees that have accrued from this dispute.

9. The above-captioned court shall retain jurisdiction over the parties to enforce the foregoing terms of this Consent Judgment.

SO ORDERED.

**Dated:** July 30, 2014

s/John Gleeson

**UNITED STATES DISTRICT JUDGE**

The undersigned counsel for the parties hereby consent to the form and entry of the foregoing judgment:

By: ______________________
**KENYON & KENYON LLP**

Michelle Mancino Marsh (MM1494)
Michael Kelly (MK6776)
One Broadway
New York, New York 10004-1007
Telephone (212) 425-7200
Facsimile (212) 425-5288
mmarsh@kenyon.com
mkelly@kenyon.com

*Attorneys for Plaintiffs,*
*Fabergé LTD*
*Fabergé Services Limited*

Dated: July 28, 2014

By: ______________________
**MEISTER SEELIG & FEIN LLP**

Antonio Papageorgiou (AP4444)

125 Park Avenue
New York, NY 10017
Telephone (212) 682-9003
Facsimile. (646) 539-3675
ap@msf-law.com

*Attorney(s) for Defendants,*
*Vladislav Yusufov d/b/a Faberge*
*Diana Yusufova d/b/a Faberge*
*Good Vision Taste, Inc.*

Dated: July 25, 2014